# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:23CR462 |
| Plaintiff, | : | |
| | : | JUDGE BENITA Y. PEARSON |
| -vs- | : | |
| DARVELL JACKSON, | : | **DARVELL JACKSON'S** |
| | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |

Darvell Jackson submits this sentencing memorandum to assist the Court in determining his sentence. He asks the Court to find that the appropriate guidelines range is 108 to 135 months and vary downward from that range based on his youth. That will still undoubtedly result in a lengthy sentence, commensurate with his offense, while tailored to satisfy the purposes of sentencing for a young man who has never been in prison before.

Mr. Jackson is 21 years old. He has pleaded guilty to firearms possession and trafficking offenses. He regrets what he did and apologizes to the Court, the community, and his family for both his offense and his conduct since then. *See* PSR ¶¶ 2, 20.

As the Sentencing Commission has determined (in a Guidelines amendment that takes effect after this memorandum is filed but before the sentencing hearing), Mr. Jackson's youth supports a downward departure or variance. *See* U.S. SENTENCING GUIDELINES MANUAL § 5H1.1 (2024). The revised policy statement relies on two well-researched sets of facts. First, "[c]ertain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships." *Id.* Second, "youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their

brains continue to develop into young adulthood." *Id.*; *see also* University of Rochester Medical Center, *Understanding the Teen Brain*, https://www.urmc.rochester.edu/encyclopedia/content.aspx?contenttypeid=1&contentid=3051 (noting that the prefrontal cortex, which does not fully develop until around age 25, "is the part of the brain that responds to situations with good judgment and an awareness of long-term consequences").

Both these principles are evident in Mr. Sturdivant's history and conduct. His offense conduct, and his poor decisions while on pretrial release, reflect behavior that is "impulsive, risk-seeking, and susceptible to outside influence." *Id.* And the risk factors that have affected his development thus far, and contributed to involvement in the criminal justice system, include everything cited by the Sentencing Commission: "environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships." *Id.* He was exposed to drug use and physical abuse by his family from as young as eight years old, in an environment where shootings and worse were common. *See* PSR ¶¶ 53-55, 58. The presentence investigation report details associated drug use, mental health problems, and behavior problems beginning at an early age. *See* PSR ¶¶ 61-65; *see also* Michael D. De Bellis & Abigail Zisk, *The Biological Effects of Childhood Trauma*, 23 CHILD & ADOLESCENT PSYCHIATRIC CLINICS OF N. AM. 185 (2014), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3968319/ (noting that exposure to trauma during childhood "has detrimental consequences on the biological stress systems, and cognitive and brain development").

The Sentencing Commission's revised policy statement does not end there, though. It adds: "Youthful individuals also are more amenable to rehabilitation." U.S. SENTENCING GUIDELINES MANUAL § 5H1.1 (2024). Mr. Jackson has shown the potential to be a productive citizen, working a full-time job, volunteering at church, and participated in youth programs building street signs.

2

*See* PSR ¶¶ 65-66. He would like to earn his GED and learn a trade while in custody as well as participate in drug treatment. *See* PSR ¶¶ 64-66. He asks the Court to make appropriate recommendations for programming while in custody as well as order conditions of supervised release to build on what he can do for rehabilitation while in prison.

One final note about the appropriate advisory guidelines range. Mr. Jackson's 168-210 month range is based on a total offense level of 34, which does not include any adjustment for accepting responsibility (given his conduct while on pretrial release) but includes a four-point enhancement for having reason to believe that a firearm he transferred would be transported out of the country. *See* PSR ¶ 28. This is based on one instance when, during a transaction, an undercover agent said that he trafficked firearms into Canada. *See* PSR ¶ 11. Mr. Jackson did not have any basis to believe that statement was true, and it was not. For that reason, the enhancement should not apply, and his proper guidelines range (based on a total offense level of 30) should be 108-135 month. Moreover, even if it technically applied, Mr. Jackson would ask the Court to use 108 to 135 months as a more appropriate guidelines range. The purpose of guidelines enhancements is to reflect more and less culpable and dangerous conduct. Mr. Jackson willingly participated in selling firearms arranged by his codefendant, and he has pleaded guilty to doing that. Increasing his guidelines range by five years (or more) based on an agent's statement during one of those transactions overstates any increased culpability he had or danger he posed.

Mr. Jackson therefore asks the Court to use 108 to 135 months as an appropriate advisory guidelines range and vary downward based on his youth, his background, and his demonstrated potential for rehabilitation.

                                                                      Respectfully submitted,

                                                                      STEPHEN C. NEWMAN
                                                                      Federal Public Defender

Ohio Bar: 0051928

*/s/ Christian J. Grostic*
CHRISTIAN J. GROSTIC
Assistant Federal Public Defender
Ohio Bar: 0084734
1660 West Second Street, #750
Cleveland, OH 44113
Phone: (216) 522-4856
Fax: (216)522-4321
E-mail: christian_grostic@fd.org